UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| NANNIE BLACKBURN, *et al.*, | ) | |
| | ) | |
|    Petitioners, | ) | Civil Action No. 3:20-046-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| JUDGE MARY NOBLE, *et al.*, | ) | **ORDER** |
| | ) | |
|    Respondents. | ) | |
| | ) | |

*** *** *** ***

     Petitioners Nannie Blackburn, April Hoover, Allison Moseley, Jessica Tucker, Jerahco Walls, Amanda White, and Hollie Workman (collectively "Petitioners"), a group of Kentucky state inmates all currently confined at the Kentucky Correctional Institution for Women ("KCIW"), by counsel, have filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.][1] Petitioners have also filed a motion to expedite consideration of their petition, specifically requesting that the Court issue a writ of habeas corpus requiring Respondents to release Petitioners from custody within twenty-four (24) hours, either outright or by moving them to home confinement or, in the alternative, order that Respondents show cause within three days why such a writ should not issue. [R. 3.]

     In their petition, Petitioners claim that, in light of their individual vulnerabilities and exceptional risks posed to them by the current COVID-19 pandemic and an emerging COVID-19

---

[1] Although the Petitioners originally filed their petition in the United States District Court for the Western District of Kentucky, a habeas petition must be filed in the district court where the prisoner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Because KCIW is located in Shelby County, which is in this judicial district, *see* 28 U.S.C. § 97(a); LR 3.1(a)(2)(A), the Western District Court transferred the petition to this Court. [R. 4.]

outbreak at KCIW, their continued incarceration at KCIW (where they are unable to practice isolation and social distancing) constitutes deliberate indifference to a substantial risk of serious harm in violation of the Eighth Amendment. [R. 1.] Thus, Petitioners allege that Respondents are holding Petitioners in custody in violation of the Eighth Amendment and request that the Court issue a writ of habeas corpus requiring Respondents to immediately release Petitioners or transfer them to home confinement. *Id*.

The Court has conducted the initial screening required by 28 U.S.C. § 2243 and concludes that the petition warrants a response and further elaboration from the Respondent. However, to the extent that Petitioners request immediate release, that request will be denied. As recently addressed by the Sixth Circuit in *Wilson v. Williams*, --- F. 3d. ----, 2020 WL 3056217 (6th Cir. June 9, 2020), continued incarceration of even high-risk prisoners does not necessarily, in and of itself, constitute an Eighth Amendment violation. *Id*. at *8 ("Here, while the harm imposed by COVID-19 on inmates at Elkton 'ultimately [is] not averted,' the BOP has 'responded reasonably to the risk' and therefore has not been deliberately indifferent to the inmates' Eighth Amendment rights.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 844 (1994)). Rather, consideration of Petitioners' claims requires a fact-based inquiry into whether KCIW "reasonably responded" to the risk posed to inmates from COVID-19, *id*. at *8, as well as consideration of other factors, such as the impact on the public from release of inmates. *Id*. at *11. Thus, Respondents must be provided an opportunity to respond to Petitioners' claims. Particularly here, where Petitioners urge the Court to expand upon the inquiry described in *Wilson* and consider "whether Respondents have consciously disregarded the exceptionally severe risks to health and life posed by COVID-19 *to these specific Petitioners* as a result of their uniquely serious and underlying medical conditions," [R. 1 at ¶ 65], proper consideration of

Petitioners' claims requires the Court to be fully informed and advised by both parties regarding the nature of the inquiry urged by Petitioners, as well as the factual circumstances regarding the confinement of each of the Petitioners.

Similarly, although the Court agrees that this matter should proceed promptly, it does not agree that a response is required within three days, as requested by Petitioners in their motion to expedite. [R. 3.] Under 28 U.S.C. § 2243, the Court must first screen the petition, which it has now done. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). It is true that § 2243 further provides that if a court entertaining an application for a writ of habeas corpus issues an order directing the respondent to show cause why the writ should not be granted, "[i]t shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." However, Rule 4 of the Rules Governing Section 2254 Cases states that "the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate." Rule 1(b) of the 2254 Rules makes this rule applicable to § 2241 proceedings. Under the Rules Enabling Act, 28 U.S.C. § 2072, Rule 4 takes precedence over Section 2243. Cf. *Sanders v. Norris*, No. 0:15-51-HRW (E.D. Ky. Oct. 2, 2015); *Hendon v. Burton*, 2014 WL 8186698, at *1 (E.D. Mich. Nov. 17, 2014). Thus, following screening, the Court possesses the discretion to require a response, but only when necessary and within a time period it concludes is reasonable.

Again, the legal basis of the inquiry urged by Petitioners, as well as the need for the underlying facts to be fully and adequately developed, requires providing Respondents with more than three days to respond to Petitioners' claims. For these reasons, Petitioners' motion to expedite [R. 3] will be denied. Rather, Respondents will be given adequate time to review the

3

petition and file a response, after which Petitioners will be provided with the opportunity to file a reply. The Court will then review the pleadings and determine whether an evidentiary hearing is warranted and, if so, set the matter for a hearing at a later date. *See* Rule 8(a) of the Rules Governing § 2254 Cases in the United States District Courts.

Accordingly, **IT IS ORDERED** as follows:

1. Petitioners' Motion to Expedite **[R. 3]** is **DENIED**.

2. The Clerk of the Court shall send a copy of Petitioners' habeas petition [R. 1] and this Order by certified mail to the following using the contact information provided by Petitioners:

> Secretary Mary Noble
> Kentucky Justice and Public Safety Cabinet
> Office of the Secretary
> 125 Holmes Street
> Frankfort, KY 40601-2108
>
> Commissioner Cookie Crews
> Kentucky Department of Corrections
> 275 E. Main St.
> Frankfort, KY 40601
>
> Warden Vanessa Kennedy
> Kentucky Correctional Institution for Women
> 3000 Ash Ave.
> Pewee Valley, KY 40056

3. The Clerk of the Court shall send a copy of Petitioners' habeas petition [R. 1] and this Order by certified mail to:

> Kentucky Attorney General Daniel Cameron
> 700 Capital Avenue, Suite 118
> Frankfort, Kentucky  40601-3449

4. Respondents shall file a response to the petition **within 10 days**. The response shall be in the form of a memorandum addressing the factual allegations and legal claims

contained in the petition; a formal motion to dismiss or for summary judgment is not necessary or appropriate for these proceedings. Respondents shall also include any documentary evidence relevant to either Petitioners' claims or Respondents' response thereto as attachments.

5. Petitioners may file a reply in further support of their petition **within 5 days** after Respondents file their response. The petition will stand submitted for further review and decision at that time.

This the 17th day of June, 2020.

Gregory F. Van Tatenhove
United States District Judge